[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendants Corsetti Construction, Inc. and Ralph Corsetti have moved to strike the third, fifth, sixth, seventh, eighth, ninth, tenth and eleventh counts of the plaintiff's revised complaint. The plaintiff opposes the motion only as to the third and fifth counts which seek to allege violation of Conn. General Statutes 42-110a et seq. the Connecticut Unfair Trade Practices Act (CUTPA).
The stated basis for the defendants' motion to strike the CUTPA claims is the plaintiff's failure to allege facts to support its conclusion that the alleged CUTPA violations were performed with such CT Page 6620-X frequency as to constitute a general business practice.
The plaintiff has alleged that the defendants willfully, knowingly, recklessly and carelessly, with a reckless disregard for the plaintiff's rights and property, failed to comply with Conn. General Statutes 16-349 et seq. (Call Before You Dig) as a result of which substantial damages was done to the plaintiff's equipment. The plaintiff alleges that such a failure offends public policy, was immoral, unethical, aggressive and unscrupulous and caused substantial injury to the plaintiff.
There appears to be a split authority as to whether a single act may constitute a violation of CUTPA. The cases relied upon by defendant are distinguishable because they arise in an insurance context. Where a CUTPA claim is based on an unfair insurance practice, there must also be a violation of CUIPA (The Connecticut Unfair Insurances Practices Act) which by its provisions requires more than a single act but rather "a general business practice." See Mead v. Burns, 199 Conn. 651 (1986).
Public Act 84-468 provided that "proof of public interest or public injury shall not be required in any action brought under this section." Section 42-110g(a) creates a private cause of action as the result of the "use or employment of a method, act or practice prohibited by section 42-1106 [sic]." (emphasis added). Section 42-110b(d) provides: CT Page 6620-Y "It is the intention of the legislature that this chapter by remedial and be so construed."
On the present state of the law, and, of course, subject to further pronouncements at the appellate level, this court agrees with those decisions which hold that under the appropriate circumstances a single transaction may constitute a CUTPA violation.[1]
Accordingly the motion to strike is granted as to the sixth, seventh, eighth, ninth, tenth and eleventh counts of the revised complaint, and denied as to the third and fifth counts thereof.